UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CR-69 RM |
| | ) | |
| DEVON GROVES | ) | |

OPINION and ORDER

Devon Groves filed a motion for a bill of particulars asking the court to order the government to provide the date or approximate date on which Mr. Groves is alleged to have possessed a firearm and the location where such possession is alleged to have taken place. The government opposes such an order because it contends Mr. Groves seeks more information than he is entitled to, and regardless, the information he seeks has been provided to him in subsequent discovery.

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes courts to require the government to file a bill of particulars, but a bill of particulars remains a rarity given the narrow scope of criminal discovery. *See* United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). To determine whether a bill of particular is required, the court must examine "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." United States v. Fassnacht, 332 F.3d 440, 446 (7th Cir. 2003) (*quoting* United States v. Kendall, 665 F.2d 126, 134 (7th Cir. 1981); United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). If the indictment sets forth the elements of the offense charged, delineates the time and place of the defendant's conduct that allegedly constituted the offense, and cites the statute or

statutes violated, a bill of particulars is not warranted. United States v. Fassnacht, 332 F.3d at 446.

When determining whether a bill of particulars is appropriate, the court can consider the effect that discovery provided by the government has on the defendant's need for a bill of particulars to fill in any gaps in the indictment. *See* United States v. Fassnacht, 332 F.3d at 447 n.2 ("a bill of particulars is not required when information necessary for a defendant's defense can be obtained through some other satisfactory form") (*quoting* United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991)). The government contends it has provided all the information Mr. Groves seeks in subsequent discovery, a contention Mr. Groves has not disputed.[1]

The indictment sets forth the elements of the offenses charged, the time and place of the defendant's alleged conduct, and the statutes violated; the government has also provided the defendant with the information he seeks in discovery. Therefore, the defendant's request for a bill of particulars [Doc. No. 16] is DENIED.

SO ORDERED.

ENTERED:   August 7, 2006

/s/Robert L. Miller, Jr.
Chief Judge
United States District Court

---

[1] Indeed, the court proceeds without benefit of a reply.