UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-cr-00069 RM |
| | ) | |
| DEVON GROVES, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On June 15, 2006, Groves was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). On July 17, 2006, Groves filed a motion to suppress the evidence seized at the time of his arrest. On July 21, 2006, the United States filed its response. On July 25, 2006, pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned to conduct any and all proceedings necessary to issue a report and recommendation. On August 10, 2006, this Court held an evidentiary hearing on Groves's motion to suppress. For the following reasons, this Court **RECOMMENDS** that Groves's motion be **DENIED**.

**I.    BACKGROUND**

The basis of the Defendant's motion to suppress is that his stop and subsequent arrest were not legally justified. He asks this Court to apply the principles of the exclusionary rule to suppress the handgun the arresting officers discovered after his arrest. As with all Fourth Amendment issues, this Court must first determine the facts surrounding the stop and arrest and then apply the controlling legal principles. To aid this Court in this task, it heard

testimony from several police officers, but no testimony was more critical than the arresting officer himself, Officer Christopher Slager (Slager).

On June 1, 2006, at 4:25 P.M., the South Bend Police Department dispatched Slager to the 740 block of North Elmer Street.  Slager received an oral dispatch that Groves was near a black Pontiac Grand Am with unusual rims in that area and that he may be armed with a gun.  The oral dispatch described Groves as wearing a white shirt, black pants, and a black hat.  Most importantly, the oral dispatch stated an outstanding warrant existed for Groves.  Slager also received a visual dispatch on his computer monitor that stated:

> DEVON GROVES WHIT T-SHIRT BLK SHORTS STANDING OUTSIDE NOEW BY A BLCK VEH
> BY A VEH WITH RIMS POSS ARMED WITH A GUN HAS A BLK HAT ON SUSPECT MAY BE DRIVING A BLK GRAND AM.

Slager's monitor displayed the letters "WAR" in the corner, which, he testified, indicated that a warrant existed for the arrest of Groves.   Slager also testified that he believed, relying on these transmissions, that a valid warrant actually existed for Groves and that he was armed and dangerous.

When Slager reached the area of North Huey Street and Longley Street, approximately one block from Groves's alleged location on the 740 block of North Elmer Street, he observed a black Pontiac Grand Am with unusual metallic rims.  In the front driver and passenger seats were two females, but in the back seat was an individual that matched the dispatch description of Groves.  Slager stopped the car and ordered the occupants to display their hands.  The two females immediately displayed their hands.  However, the individual in the back, later determined to be Groves, did not show his hands after Slager had issued two verbal orders to

Groves to display his hands.  Upon a third order, Groves displayed one hand.  Finally, after a fourth order to display his hands, Groves displayed both his hands.

After Groves was handcuffed and placed in a police car, Slager looked into the vehicle from the back door, which Groves had left open.  Slager observed a handgun in plain view jutting out from under the driver's seat.  Slager seized the handgun for evidence.

## II.    APPLICABLE LAW & ANALYSIS

Although both the Defendant and the United States have discussed probable cause with regard to the Defendant's stop, the law is clear that a stop does not require probable cause to satisfy the constitutional requirements of the Fourth Amendment.  <u>Terry v. Ohio</u>, 392 U.S. 1, 20 (1965).  Rather, the Fourth Amendment requires only that an officer have a reasonable suspicion of criminal conduct.  <u>Terry</u>, at, 27.  As more recent Supreme Court authority makes clear, the officer's reasonable suspicion is measured by what the officer knew before he conducted  the stop.  <u>Florida v. J.L.</u>, 529 U.S. 266, 271 (2000); <u>see</u> <u>U.S. v. Sterling</u>, 909 F.2d 1078, 1084 (7th Cir. 1990).

In the present case, Slager had a reasonable suspicion to perform a <u>Terry</u> stop on Groves because Slager received an oral dispatch that gave a description of Groves, the vehicle he was in, and further, that there was warrant for Groves.  Additionally, the letters "WAR" on the patrol monitor dispatch also indicated a warrant for Groves existed.  The dispatch stated that Groves was near a black car with unusual rims, and the dispatch described Groves as wearing black pants, a white shirt, and a black hat.  Thus, when Slager observed a black car with unique rims with an individual in the backseat that matched the dispatch description a block away from Groves's alleged area, Slager reasonably concluded this vehicle may contain

Groves. Consequently, because the vehicle matched the dispatch description, the individual in the vehicle matched the description of Groves, and because Slager believed a warrant existed for Groves, Slager had reasonable suspicion to make a Terry stop.

Groves contends that the anonymous tip that was the basis for Slager's dispatch was insufficient to create a reasonable suspicion to stop him in accordance with Florida. In Florida officers stopped and arrested an individual based on a dispatch that repeated a vague anonymous tip that provided a description of an unidentified person who had a gun. There was no suggestion of a warrant and only a general identification of a suspect. The Supreme Court found those facts to be insufficient to create reasonable suspicion.

However, Florida is inapplicable to this case. Unlike Florida, Slager initiated a Terry stop for several reasons. First, the oral dispatch and dispatch computer monitor provided a matching description of the vehicle Groves was in and a matching description of what Groves was wearing. Second, the dispatch identified the subject specifically as Devon Groves. Most importantly, the dispatch indicated that a warrant existed for Groves. Even though in fact no warrant existed for Groves, the relevant inquiry is based on what Slager knew before he conducted the stop and search. Florida, 529 U.S. at 271. Slager reasonably believed a warrant existed for Groves, that he was looking for Devon Groves, that he had found Groves, and that Groves was potentially armed and dangerous. Florida simply is not applicable to the facts of this case.

Slager reasonably believed that a warrant existed for the arrest of Groves based on the dispatch. Groves and the vehicle matched the description of Slager's dispatch. The combination of these two facts establish reasonable suspicion and satisfies the constitutional

4

requirements of <u>Terry</u>.  Consequently, there is no basis to suppress the handgun that was discovered in the car after Groves's arrest.

### III.  CONCLUSION

To satisfy the Fourth Amendment, a valid stop of Groves only required Slager to have a reasonable suspicion that Groves was dangerous.  Slager concluded that the vehicle Groves was in and Groves himself matched the description of the dispatch.  He also reasonably believed that a warrant existed for Groves.  Consequently, Slager had a reasonable suspicion to stop and arrest him.  The Fourth Amendment of the constitution does not require more.  For these reasons, this Court **RECOMMENDS** that Defendant Groves's motion to suppress [Doc. No. 15] be **DENIED**.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations.  Fed. R. Crim. P. 59(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**
>
> **SO ORDERED.**

Dated this 21st Day of August 2006.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
