UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NUMBER 3:06-CR-69 RM |
| | ) | |
| DEVON GROVES(01) | ) | |

OPINION AND ORDER

Devon Groves objects to the magistrate judge's report and recommendation that Mr. Groves's motion to suppress be denied. The court assumes familiarity with the report and recommendation. Mr. Groves argues that the report omits factual findings relating to the lack of any warrant for Mr. Groves's arrest, that the good faith exception to the exclusionary rule is inapplicable, and to the conclusion that the stop of the vehicle in which he was riding was permissible under Terry v. Ohio, 392 U.S. 1 (1965). The court overrules those objections.

There is no disagreement that no arrest warrant existed. The record does not disclose why no warrant was issued after the deputy prosecutor indicated he would seek such a warrant, so no further findings can be made on that topic. The record amply supports the finding that when Officer Slager was notified of the anonymous tip, he was told (by the visual display of the letters WAR) that an arrest warrant existed for Mr. Groves. No further findings are needed to resolve the suppression motion.

Mr. Groves's suppression motion is based upon the exclusionary rule — a judicially created remedy to deter law enforcement officials from violating the constitutional rights of suspects. See Hudson v. Michigan, 126 S. Ct. 2159, 2164

(2006). In United States v. Leon, 468 U.S. 897 (1984), the Supreme Court concluded that official misconduct cannot be deterred by suppressing evidence seized pursuant to what the officers believed in good faith was a lawful warrant. Accordingly, the court concluded, the exclusionary rule does not apply in such circumstances. 468 U.S. at 918-919. Mr. Groves offers no persuasive reason why the exclusionary rule should apply notwithstanding Leon: Officer Slager had a good faith, objectively reasonable belief that Mr. Groves was wanted on a warrant. The record contains nothing to suggest that Officer Slager should have questioned the report he received to that effect. Leon applies to this case; the exclusionary rule normally applicable to evidence resulting from a warrantless arrest does not apply.

Finally, Mr. Groves argues that the tip the police received and conveyed to Officer Slager does not support a stop under Terry v. Ohio. Police may conduct a limited, warrantless intrusion into a person's rights under the Fourth Amendment based on reasonable, articulable suspicion rather than probable cause. Terry v. Ohio, 392 U.S. at 20. Mr. Groves argues that the tip involved in this case is insufficient when measured against the yardstick of Florida v. J.L., 529 U.S. 266 (2000). The tip in J.L. "provided no predictive information and therefore left the police without means to test the informant's knowledge or credibility," 529 U.S. at 271, leaving the officers unable to achieve a reasonable, articulable suspicion that a subject was armed.

The tip about Mr. Groves provided ample predictive information with which Officer Slager could test the anonymous informant's knowledge and credibility: the

tip described the color of the vehicle seen with Mr. Groves, the vehicle's possible model, the potential of unusual rims, the color and style of Mr. Groves's clothing (including a black hat in June). Officer Slager saw a car of that model and color, with unusual rims, and a person in the back seat that appeared to match the description the informant had given of Mr. Groves. Further, and most importantly, Officer Slager had a reasonable, good faith belief that Mr. Groves was wanted on a warrant. All of these things differentiate this tip from that in J.L. — which provided no basis to believe the informant knew of any criminal activity in which the otherwise innocent-seeming subject was involved — and support the stop of the vehicle. When Officer Slager engaged in the conduct that J.L. condemned — the search for weapons on the subject — he was engaged in what he believed was an arrest pursuant to a warrant, not a stop and frisk.

For all these reasons, the court OVERRULES Mr. Groves's objections [docket #50] to the magistrate judge's report and recommendation, ADOPTS the magistrate judge's report and recommendation [docket #24], and DENIES the defendant's motion to suppress [docket #15].

SO ORDERED.

ENTERED:   November 1, 2006

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court

cc:   J. Barrett
      A. Kowals
      D. Groves