UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DEVON GROVES, | ) | |
|---|---|---|
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:11-CV-89 RM |
| | ) | (Arising out of 3:06-CR-69(01) RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

After the court of appeals affirmed his conviction and 240-month aggregate sentence for unlawful possession of a firearm and ammunition, United States v. Groves, 559 F.3d 637 (7th Cir. 2009), *cert. denied*, 130 S.Ct. 1750 (Mar. 8, 2010), Devon Groves filed a *pro se* petition under 28 U.S.C. § 2255. For the reasons that follow, the court denies Mr. Groves' petition in part, defers ruling on the remaining issues, and will appoint counsel to represent Mr. Groves with respect to those issues (whether there was a reasonable probability that Mr. Groves would have accepted the plea agreement offered by the government, and, if so, whether trial counsel's failure to pursue a plea violated Mr. Groves' right to effective assistance of counsel). An evidentiary hearing will be scheduled after counsel has been appointed and has appeared.

The court of appeals set forth the case's underlying facts, and the court needn't repeat them here. Mr. Groves is now before the court asking that his sentence be vacated, contending that his trial and appellate counsel were

ineffective and asking the court to reconsider its ruling on his motion to suppress.

I. DISCUSSION

A. INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Groves contends that trial counsel provided ineffective assistance by failing (1) to object to the tendered jury instruction on possession and to request a supplemental instruction on constructive possession, (2) to make a motion for judgment of acquittal, (3) to object to the presentence investigation report's characterization of his 1995 burglary conviction as a crime of violence and to the resulting four level enhancement under U.S.S.G. § 2K2.1(a)(2), and (4) to "fulfill his intention" to plead guilty. Mr. Groves also challenges his appellate counsel's performance, contending that he provided ineffective assistance because he didn't challenge the court's "failure to *sua sponte* grant relief at the end of the prosecutor's case" or the court's ruling on the objections to paragraphs 13 and 19 of the presentence investigation report (recommending imposition of a 2-level enhancement under U.S.S.G. § 2K2.1(b)(4) because the gun was stolen).[1]

"[A]n ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003) (abrogating Guinan v. United States, 6 F.3d 468 (7th Cir. 1993)). Mr. Groves must

---

[1] Due to a clerical error, the presentence investigation report contained two paragraph 13s. Mr. Groves' argument relates to the paragraph 13 on page four of the report.

2

show both (1) that his attorney's performance was objectively unreasonable in its deficiency such that he was denied the counsel guaranteed by the Sixth Amendment, and (2) that this deficient performance prejudiced his defense, rendering the outcome of the proceedings against him unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984); Jones v. Page, 76 F.3d 831, 840 (7th Cir. 1996). If Mr. Groves can't make a showing on both prongs, his claim must be dismissed. Id.

For the first prong, judicial scrutiny of the attorney's performance must be "highly deferential" and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Jones v. Page, 76 F.3d at 840 (quoting Strickland v. Washington, 466 U.S. at 689). The attorney's duty isn't to raise every conceivable defense or obstruction, for a "lawyer has an obligation to be truthful and forthright with the court, [and] he has no duty to make a frivolous argument." Fuller v. United States, 398 F.3d 644, 652 (7th Cir. 2005) (quotation removed).

To show prejudice under the second prong, Mr. Groves must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694; Jones v. Page, 76 F.3d at 840.

*1. Jury Instructions*

Mr. Groves contends his trial attorney was ineffective because he didn't object to the jury instruction on possession, or request that it be supplemented to include the following language: "a person has constructive possession over the firearm when he has ownership, dominion, or control over the vehicle in which the firearm was concealed." Citing United States v. Armstrong, 187 F.3d 392, 396 (4th Cir. 1999); United States v. Ferg, 504 F.2d 914, 916-917 (5th Cir. 1974). He maintains that he was convicted on mere proximity to the firearm as a result of his attorney's failure to object to the instruction or request a supplemental instruction, thus lessening the prosecution's burden of proof. The record shows otherwise.

The jury was instructed that:

> Possession of an object is the ability to control it. Possession may exist even when a person is not in physical contact with the object, but knowingly has the power and intention to exercise direction or control over it, either directly or through others.

Seventh Circuit Fed. Crim. Jury Instruction at 235 (1999). This is an accurate statement of the law of both actual and constructive possession in this circuit. *See* United States v. Reed, 539 F.3d 595, 599-600 (7th Cir. 2008); United States v. Matthews, 520 F.3d 806, 807-808 (7th Cir. 2008); United States v. James, 464 F.3d 699, 707-708 (7th Cir. 2006). Armstrong and Ferg, the two cases Mr. Groves cites, don't hold otherwise. They define constructive possession to include "ownership, dominion, or control over the contraband itself *or* over the premises

4

or vehicle in which it was concealed." United States v. Armstrong, 187 F.3d at 396; United States v. Ferg, 504 F.2d at 916-917 (emphasis added). Mr. Groves's claim that defense counsel was ineffective because he didn't object to the instruction as given, and didn't submit an inaccurate and misleading instruction on the law of constructive possession is without merit and must be denied.

*2. Motion for Acquittal*

Mr. Groves also contends that trial and appellate counsel were ineffective because they failed to make a motion for acquittal, or to challenge the court's decision not to dismiss the case *sua sponte.* His argument is premised on the mistaken belief that the government had to prove that he had constructive possession of the car in which the items were found. It did not. It had to prove that Mr. Groves had been convicted of a crime punishable by a term of imprisonment of more than one year, that he knowingly possessed the gun and ammunition, and that those items had traveled in interstate commerce. 18 U.S.C. § 922(g)(1). The evidence presented at trial was more than sufficient to meet that burden.

Under Fed. R. Crim. P. 29(a):

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction . . ..

5

When, as in Mr. Groves's trial, the evidence was clearly sufficient to support the conviction, failure to file a motion for acquittal isn't prejudicial to the defendant, *see* United States v. Allen, 390 F.3d 944, 951 (7th Cir. 2004); United States v. Draves, 103 F.3d 1328, 1336 (7th Cir. 1997), so Mr. Groves can't prevail on his ineffective assistance of counsel claims.

### 3. 1995 Burglary Conviction

Mr. Groves argues that he is entitled to the relief he seeks because his trial counsel was ineffective for failing to object to the use of the 1995 burglary conviction as a basis for enhancing his sentence under U.S.S.G. § 2K2.1(a)(2). He contends that he pleaded guilty to the lesser offense of burglary of a building (a Class C offense) under Ind. Code § 35-43-2-1, not the Class B felony burglary of a dwelling charged in the information, and that the offense of conviction didn't involve a "crime of violence" or conduct that presented a serious potential risk of physical injury to another, within the meaning of § 2K2.1(a)(2). Mr. Groves maintains that the applicable sentencing range would have been lower had trial counsel objected to the enhancement under § 2K2.1(a)(2) and raised the argument at sentencing.

When Mr. Groves was sentenced, the law provided that classification of a prior conviction depended upon "the facts contained in the charging document and the statutory definition of the charged offense," United States v. Hoults, 240 F.3d 647, 650 (7th Cir. 2001); United States v. McGee, 408 F.3d 966, 988 (7th Cir.

2005), and the information charged Mr. Groves with burglary of a dwelling – a crime of violence under § 4B1.2. Courts use a modified categorical approach[2] today, *see* United States v. Begay, 553 U.S. 137 (2008); James v. United States, 550 U.S. 192 (2007), but "the Sixth Amendment does not require counsel to forecast changes or advances in the law, or to press meritless arguments before a court," Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir. 2001), and the outcome remains the same under either approach.

The Guidelines define a crime of violence as "any offense under federal or state law" that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(a). *See* United States v. Angiano, 602 F.3d 828, 829 (7th Cir. 2010) ("The Guidelines Manual makes clear that enumerated offenses, such as burglary of a dwelling "are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.").

---

[2] "Although the categorical approach as it has developed, suffices to answer most questions about the proper characterization of a prior offense, it is not enough by itself in one class of cases: when a statute covers more than one offense. In such cases, courts are permitted to consult 'the terms of the charging document, the terms of a plea agreement or transcript of a colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information,' in order to determine what the defendant's prior conviction was for (*i.e.*, generic burglary or some lesser offense)." United States v. Woods, 576 F.3d 400, 404 (7th Cir. 2009) (quoting Shepard v. United States, 544 U.S. 13, 26 (2005)).

7

> Congress included burglary among the crimes of violence in the [Armed Career Criminal Act] because it thought that certain general categories of property claims...so often presented a risk of injury to persons, or were so often committed by career criminals, that they should be included in the enhancement statute even though, considered solely in terms of their statutory elements, they do not necessarily involve the use of threat of force against a person.

United States v. Patterson, 576 F.3d 431, 442 (7th Cir. 2009). That the building in question was a dwelling was confirmed by certified court records obtained from the St. Joseph County Clerk's office and introduced at sentencing, including the information filed in St. Joseph Superior Court Cause No. 71D08 9508 CF00390, and the Order Waiving Jurisdiction Pursuant to I.C. 31-6-2-4(e) filed on August 29, 1995 in St. Joseph County Probate Court Cause No. 71J-01-9507 JD00571. The offense for which Mr. Groves was convicted in 1995 thus involved a "crime of violence" and conduct that presented a serious potential risk of physical injury to another within the meaning of U.S.S.G. § 4B1.2(a), and was properly considered in determining his base offense level under the law as it existed at sentencing. Mr. Groves's objection to the calculation of his base offense level under 2K2.1(a)(2) is without merit, and the Sixth Amendment doesn't require counsel "to press meritless arguments." Lilly v. Gilmore, 988 F.2d at 786; *see also* Fuller v. United States, 398 F.3d at 652.

*4. Intent to Plead Guilty*

Whether trial counsels' performance fell below an objectively reasonable standard with respect to the plea negotiations in this case and prejudiced the defendant, is a matter of factual dispute.

Mr. Groves submitted an affidavit with his motion in which he attests that:

> 2. On or about November 9, 2006, Attorney Anthony D. Kowals visited with me at the St. Joseph County Jail [and] discussed with me the pros and cons of entering into a plea agreement.
>
> 3. Attorney Kowals discussed with me the Sentence Computation Sheet that he prepared.
>
> 4. After discussing the Proposed Plea Computation and Trial Computation, I subsequently signed the Petition to enter a Guilty Plea and mailed it to Mr. Kowals.
>
> 5. After Attorney Kowals was replaced [by] Mr. May, I briefed Attorney May on the circumstances surrounding my signed Petition to Enter a Guilty Plea, i.e., specifically, the 6.4 years was certainly better than 24.5 years. Mr. May told me that he would check into this and thats the last I heard anything more about my signatured intent to plead guilty to counts one and two.

[Doc. No. 151 at pp.31-32]. Mr. Groves attached a copy of a plea agreement bearing his signature to his affidavit. [Doc. No. 151 at pp. 36-40].

"In order to establish prejudice, [Mr. Groves] must show (1) through objective evidence that (2) there is a reasonable probability that, but for counsel's inadequate performance, he would have accepted the government's [plea] offer." Paters v. United States, 159 F.3d 1043, 1047 (7th Cir. 1998); *see also* Toro v. Fairman, 940 F.2d 1065, 1068 (7th Cir. 1991). The government contends that Mr. Groves' self-serving declarations don't constitute "objective evidence" under Toro, or show that there was a reasonable probability that he would have accepted the

9

plea agreement but for his attorneys' actions, and that an evidentiary hearing isn't necessary because the record clearly shows that Mr. Groves never expressed an interest in pleading guilty before trial. *Citing* Bradley v. United States, 219 Fed.Appx. 587 (7th Cir. 2007); Kafo v. United States, 467 F.3d 1063, 1068 (7th Cir. 2006). The government offers in support the affidavits of attorneys Anthony Kowals and Brian May, in which Mr. Kowals and Mr. May attest that Mr. Groves wanted to go to trial and never told them that he desired to plead guilty or that he had signed a plea agreement. [Doc. No. 156-3 and 156-4].

United States v. Kafo addressed the need for verification, not the sufficiency of evidence. The court held that once a motion to vacate is verified (either signed under penalty of perjury or accompanied by an affidavit), "the allegations contained therein *become* evidence and permit the district court to evaluate properly the movant's allegations and to determine whether a sufficient threshold showing has been made to warrant further proceedings." (Emphasis in original). Kafo v. United States, 467 F.3d at 1068. It concluded that the district court should have instructed the defendant to amend his motion by submitting it under oath or by attaching an affidavit, rather than denying it without an evidentiary hearing. Id. at 1068-1071; *see also* Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002) (affirming the dismissal of an ineffective assistance claim when the defendant "present[ed] no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support [his] claim").

10

But Mr. Groves's affidavit was signed under penalty of perjury, is objective evidence of the facts alleged, and raises a genuine issue of fact as to whether there was a reasonable probability that he would have pleaded guilty but for his attorneys' actions or failure to act. The affidavits submitted by Mr. Kowals and Mr. May, prior statements made by Mr. Groves in letters to the court, and the pre-trial proceedings in this case all call the credibility of that evidence into question, but Mr. Groves has presented some evidence of the claimed ineffectiveness, and that evidence is sufficient to warrant further proceedings.

### B. MOTION TO SUPPRESS

Mr. Groves's arguments about the motion to suppress were raised and rejected on direct appeal. United States v. Groves, 559 F.3d at 640-642. The law of the case doctrine holds that "once [the Court of Appeals] has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a district judge asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it." United States v. Mazak, 789 F.2d 580, 581 (7th Cir. 1986); *see also* Fuller v. United States, 398 F.3d at 648 (applying "law of the case doctrine" in § 2255 context). Mr. Groves maintains that the law of the case "works a manifest injustice" in this case (quoting Appleton Elec. Co. v. Graves Truck Line, Inc., 635 F.2d 603, 608 (7th Cir. 1980)), and asks the court to reexamine the arguments made on direct appeal, but he provides no new arguments, evidence, or facts that would show that the ends

of justice haven't been served and that further review is warranted. Under the circumstances, the law of the case doctrine prevents this court from re-evaluating what the court of appeals held on direct appeal. Varela v. United States, 481 F.3d 932, 936 (7th Cir. 2007) ("Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances."); Peoples v. United States, 403 F.3d 844, 847 (7th Cir. 2005) ("an initial federal determination controls in subsequent rounds of review if '(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.'" (quoting Sanders v. United States, 373 U.S. 1, 15 (1963)).

III. CONCLUSION

For the foregoing reasons:

1. The court DENIES Mr. Groves's motion to vacate, set aside, or correct his sentence under 28 U.S.C.§ 2255 [Doc. No. 151] to the extent he claims ineffective assistance of counsel with respect to: (1) the final jury instructions given in this case, (2) the failure to move for acquittal or challenge the court's decision not to dismiss the case *sua sponte*, and (3) the failure to object to the use of the 1995 burglary conviction as a basis for enhancing his sentence under U.S.S.G. § 2K2.1(a)(2). The motion is also

12

DENIED to the extent he asks the court to reconsider the ruling on the motion to suppress.

2. The court DEFERS ruling on Mr. Groves's claim of ineffective assistance of counsel in the negotiation of a plea, and will appoint counsel to represent Mr. Groves with respect to that claim. An evidentiary hearing will be set by separate order to address the remaining issues.

SO ORDERED.

ENTERED:  October 5, 2011

	/s/ Robert L. Miller, Jr.
	Judge
	United States District Court

cc:	D. Groves
	J. Barrett-AUSA