UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEVON GROVES,                )
                             )
        *Petitioner,*        )
                             )   Cause No. 3:16-cv-384 RLM
    v.                       )   (Arising from 3:06-cr-69 RLM)
                             )
UNITED STATES OF AMERICA,    )
                             )
        *Respondent.*        )

OPINION AND ORDER

Devon Groves was sentenced to twenty years' imprisonment for being a felon in possession of ammunition and a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). This matter is before the court on his motion to vacate and correct his sentence. 28 U.S.C. § 2255. The court denies Mr. Groves's motion.

I. BACKGROUND

A jury convicted Mr. Groves of one count of being a felon in possession of ammunition and one count of being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). At sentencing, the court considered his prior burglary conviction as a felony "crime of violence." U.S.S.G. § 4B1.2(b). When coupled with another felony "crime of violence," Mr. Groves's base offense level increased from 22 to 24. § 2K2.1(a)(2), (3). The court raised his offense level by another 2 because the firearm was stolen, § 2K2.1(b)(4), and another 4 because he possessed the ammunition in connection with another felony, criminal recklessness, § 2K2.1(b)(6). With a final adjusted offense level of 30 and a criminal history

category of V, the guidelines recommended a sentence of 151 to 188 months. If the prior burglary weren't a "crime of violence," the guidelines would've recommended 130 to 162 months.

After calculating the guideline range, the court chose a sentence it believed to be reasonable based on the factors in 18 U.S.C. § 3553(a). The court saw that:

> "Mr. Groves did far more than possess some ammunition in April and a firearm in June. He used the ammunition to fire 16 shots into a house with 4 people, including a baby, in it. He brandished the firearm on other occasions while threatening to shoot up everyone in another house. He was seen with firearms (though perhaps the same ones) on multiple other occasions in the intervening months."

The court noted that these convictions were Mr. Groves's third and fourth felony convictions in twelve years, and "how frequently he is around firearms." Prior sentences seemed unable to protect the public from Mr. Groves. There were no mitigating factors. Despite the guideline-recommended sentence, "[r]eview of the factors specifically set forth in 18 U.S.C. § 3553(a) persuade[d] the court that a 240-month sentence is appropriate." The court sentenced Mr. Groves to the statutory maximum of 10 years for each of the crimes, to be served consecutively.

When deriving the guideline recommendation, the court based its determination that Mr. Groves's prior burglary conviction was a "crime of violence" on charging documents indicating that he committed a burglary of a dwelling, a Class B felony. IND. CODE § 35-43-2-1. Instead, Mr. Groves had pleaded guilty to the lesser offense of burglary of a building, a Class C felony. *Id.* Mr. Groves didn't object to the classification of his prior offense as a "crime of violence" at sentencing or on appeal.

2

On appeal, Mr. Groves contested the reasonableness of the court's twenty-year sentence, among other issues. The court of appeals concluded that "[t]he district court painstakingly considered both the guidelines range and the sentencing factors that properly inform the court's exercise of post-*Booker* sentencing discretion under 18 U.S.C. § 3553(a)." United States v. Groves, 559 F.3d 637, 642 (7th Cir. 2009). The court of appeals affirmed the sentence. *Id.*

Eventually Mr. Groves discovered that the guideline recommendation was based on the form of burglary for which he was charged, not the form for which he was convicted. He brought an ineffective assistance of counsel claim based in part on his counsel's failure to object to the classification of the prior burglary as a "crime of violence." This court denied the motion, finding that Mr. Groves's counsel acted reasonably based on the law at the time of sentencing. The court didn't need to address whether the error actually prejudiced Mr. Groves.

Mr. Groves appealed. The court of appeals again affirmed the district court, reasoning that "[u]ntil at least 2009, confusion existed regarding the approach sentencing courts must take in determining whether a prior conviction fits the definition of 'crime of violence' set forth in § 4B1.2(a)(2)." Groves v. United States, 755 F.3d 588, 593 (7th Cir. 2014). "In [*United States v.*] Woods, [576 F.3d 400 (7th Cir. 2009)], [the court of appeals] clarified that sentencing courts can only consult additional materials, such as charging instruments, if the criminal statute was divisible, namely, if the offense covers a wide variety of conduct that poses a risk of violence and also conduct that does not." *Id.* But Mr. Groves was sentenced before Woods, when the law wasn't objectively clear. Because the

3

court of appeals agreed that Mr. Groves's counsel performed reasonably, it affirmed the district court, and also didn't need to address whether the error prejudiced him.

On June 26, 2015, the Supreme Court decided <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). <u>Johnson</u> concerned the Armed Career Criminal Act, which imposes a fifteen-year mandatory minimum sentence for a defendant who committed three prior "violent felonies." The statute defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the "elements clause"]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives [known as the "enumerated offenses clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the "residual clause"];

18 U.S.C. § 924(e)(2)(B). <u>Johnson</u> held that the residual clause is unconstitutionally vague under the Due Process Clause, U.S. CONST. amend. V. <u>Johnson</u> announced a substantive rule retroactively applicable to cases on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1265 (2016).

Mr. Groves wasn't sentenced under the residual clause of the ACCA definition of "violent felony." The guidelines' definition of "crime of violence," however, is identical. U.S.S.G. § 4B1.2. Mr. Groves argues that the court erred in reviewing his prior burglary conviction as a burglary of a dwelling instead of burglary of a building. Had the court considered the appropriate crime, it couldn't have classified it as a "crime of violence" under either the "elements

4

clause" or the "enumerated offenses clause." Mr. Groves argues that after Johnson, the "residual clause" is unconstitutionally vague, and so the prior shouldn't have been considered a "crime of violence" at all. As a result, his guideline recommendation and sentence should've been lower.

II. STANDARD OF REVIEW

One convicted of a federal crime can challenge his sentence on grounds that the sentence violates the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Mr. Groves filed his motion to correct his sentence within one year of when "the right asserted was initially recognized by the Supreme Court" in United States v. Johnson, 135 S. Ct. 2551 (2015). § 2255(f)(3). This is a successive petition that the court of appeals authorized. 28 U.S.C. §§ 2255(h).

An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. After reviewing Mr. Groves's petition and the record of this case, the court concludes that the factual and legal issues raised can be resolved on the record, so no hearing is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where the record conclusively demonstrates that a petitioner is entitled to no relief on § 2255 motion).

III. DISCUSSION

While Mr. Groves awaited this order, the court of appeals extended the Supreme Court's holding in Johnson to invalidate the guidelines' residual clause.

5

U.S.S.G. § 4B1.2(a)(2); United States v. Hurlburt, 835 F.3d 715, 720 (7th Cir. 2016). In other words, if Mr. Groves were sentenced today, the residual clause could play no part in the sentencing. But even if Mr. Groves can show that the court can retroactively fix the error in the prior offense it considered, *see* Schriro v. Summerlin, 542 U.S. 348 (2004), that Johnson and Hurlburt apply retroactively to guideline errors, *see id.*, that his motion is timely, *see* 28 U.S.C. § 2255(f), and that he didn't default on his claim, *see* Ashley v. United States, 266 F.3d 671 (7th Cir. 2001), Mr. Groves's still doesn't show "actual prejudice." As a result, his claim must be denied.

"[P]ostconviction relief requires a showing that 'the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas [corpus] petitioners . . . are not entitled to habeas [corpus] relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Hawkins v. United States, 724 F.3d 915, 917 (7th Cir. 2013) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). This principle also holds true in the context of sentencing error and under § 2255 collateral review. *Id.*

The guidelines typically have a strong "anchoring" effect on sentencing. Hurlburt, 835 F.3d at 723. Their "central role in sentencing means that an error related to the Guidelines can be particularly serious." Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016). Even still, "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist." *Id.* at 1346. "The record in a case may show, for example, that the district court thought the sentence it chose was appropriate

6

irrespective of the Guidelines range." *Id.*; United States v. Tate, 822 F.3d 370, 377 (7th Cir. 2016) ("An error in calculating the Guideline range can still be harmless where the district judge makes clear that the sentence would have been the same absent the error.").

Molina-Martinez and Tate apply the standard for appellate review of a guideline error, under which the burden is on the government to show that an error in guideline calculation was harmless. United States v. Hines-Flagg, 789 F.3d 751, 757 (7th Cir. 2015). On collateral review, however, the petitioner must show that "the error had substantial and injurious effect." Hawkins v. United States, 724 F.3d at 917. Mr. Groves hasn't met this burden.

Even under the petitioner-favoring burden of proof on appellate review, the record in this case shows "that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." Molina-Martinez v. United States, 136 S. Ct. at 1346. As explained before, the sentencing court explicitly rejected the guideline range when determining a reasonable sentence for Mr. Groves pursuant to 18 U.S.C. § 3553(a). The guideline recommendation was based on Mr. Groves's convictions for being a felon in possession of a firearm and ammunition. But the court realized that the facts of his particular case showed far greater culpability than in the typical case: "He used the ammunition to fire 16 shots into a house with 4 people, including a baby, in it. He brandished the firearm on other occasions while threatening to shoot up everyone in another house. He was seen with firearms . . . on multiple other occasions . . . ." Whether Mr. Groves's prior burglary involved a generic building or a dwelling, and whether

7

that resulted in a two-level enhancement, were irrelevant. However classified, the court noted that Mr. Groves had four felony convictions in twelve years and is frequently around firearms, regardless of whether the prior burglary involved a dwelling or a building.

The guidelines didn't consider the true severity of Mr. Groves's actions, so the court saw fit to sentence him to the statutory maximum, twenty years. Correcting the error in how the prior burglary was classified would have resulted in a two-level decrease in Mr. Groves's adjusted offense level, but would have had no effect on his actual sentence. Even if the government had to prove harmless error under the standard for appellate review, it would have succeeded. The petitioner hasn't shown a "substantial and injurious effect." Hawkins, 724 F.3d at 917.

Cases cited by Mr. Groves, such as United States v. Coleman, 763 F.3d 706 (7th Cir. 2014), don't change this result. Sentencing errors aren't cognizable under § 2255, except "in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." United States v, Coleman, 763 F.3d at 708. Mr. Groves argues that because Johnson and Hurlburt recognize constitutional flaws in the guidelines' residual clause, then error in Mr. Groves's sentence is "of constitutional . . . magnitude."

This isn't the approach the court of appeals has adopted. Peugh v. United States, 133 S. Ct. 2072 (2013) applied ex post facto challenges to the guidelines. Even though Peugh recognized this constitutional requirement, someone

sentenced before Peugh still doesn't have a cognizable Peugh-based claim on collateral review. *See* Conrad v. United States, 815 F.3d 324 (7th Cir. 2016). Neither is an incorrect guideline application a "miscarriage of justice" after the Supreme Court held the guidelines only to be advisory. Hawkins v. United States, 706 F.3d 820, 825 (7th Cir. 2013).

If the court considered Mr. Groves's prior burglary as a burglary of a building and hence not as a "crime of violence," Mr. Groves's sentence would have come out exactly the same. Any error in classification of the burglary had no effect on his sentence, and so Mr. Groves's motion is denied.

IV. CERTIFICATE OF APPEALABILITY

Issuance of a certificate of appealability requires the court to find that Mr. Groves has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He hasn't done so and the court declines to issue one.

The law on whether Johnson applies to the guidelines and, if so, whether it applies retroactively, is in flux. *See* Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), *cert. granted,* 136 S. Ct. 2510 (2016). Whatever the outcome of Beckles, a petitioner will still have to show that a sentencing error had a "substantial and injurious effect." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Hawkins v. United States, 724 F.3d 915, 917 (7th Cir. 2013) (applying Brecht standard on § 2255 collateral review).

Beckles might disturb the court of appeals' conclusion that guideline errors don't have "substantial and injurious effect" so long as the petitioner is

9

sentenced within the statutory limits. *See, e.g.*, Conrad v. United States, 815 F.3d 324, 328 (7th Cir. 2016) ("A change in the guidelines affects the sentence that a judge is *likely* to impose but does not alter the range of sentences that he *can* lawfully impose. So although the increase in the guidelines range of which the defendant complains in this case not only postdated his crime but also could have had a significant effect on his sentence, he is not entitled to be resentenced."). Even if Beckles forces a different approach to *assessing* the retroactivity or "substantial and injurious effect" of a guideline error, a petitioner will still have to show "substantial and injurious effect." No matter how lax that burden may be on a petitioner, or even if it becomes the government's burden to show harmless error, the guideline error here had no effect on Mr. Groves's sentence. There's no substantial showing of denial of a constitutional right.

V. CONCLUSION

Based on the foregoing, the court DENIES Mr. Groves's § 2255 motion to vacate and correct his sentence [3:06-cr-69, Doc. No. 232], declines to issue a certificate of appealability, and directs the Clerk to dismiss the associated civil case [3:16-cv-384].

SO ORDERED.

ENTERED:  December 19, 2016

                                             /s/ Robert L. Miller, Jr.
                                            Judge
                                            United States District Court